IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00725-BO

| | | |
|---|---|---|
| KYLE MORGAN, | ) | |
|     Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| OTHA PRETTY, Jr., | ) | |
|     Defendant. | ) | |

On 26 January 2024, Defendant Otha Pretty, Jr., moved to dismiss Plaintiff Kyle Morgan's complaint. [DE 7]. On 20 February 2024, Plaintiff filed an amended complaint. [DE 8]. On 10 March 2024, Defendant answered the amended complaint. [DE 10].

Federal Rule of Civil Procedure 15 allows a party to amend its pleadings as a matter of course provided certain requirements are met. One requirement is time. "If the pleading is one to which a responsive pleading is required, [a party may amend no later than] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Outside of that 21 day window, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff filed the amended complaint on 20 February 2024, several days outside the 21 day window that began on 26 January 2024 when Defendant's motion to dismiss was filed and served. But, because Defendant answered the amended complaint without objecting thus signaling Defendant's consent to the amended complaint, *see* [DE 10], the Court will construe that answer as written consent to amend. Thus, the amended complaint is now the operative pleading in this

matter rendering the original complaint of no effect. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). Consequently, Defendant's motion to dismiss [DE 7] is DENIED AS MOOT.

SO ORDERED, this 15 day of April 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE